UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

HOWARD COHAN,

     Plaintiff,

vs.                                             INJUNCTIVE RELIEF SOUGHT

CROWN LIQUORS X, LLC., a Florida Limited
 Liability Company, d/b/a CROWN LIQUORS
AND CROWN WINE & SPIRITS; CROWN
LIQUORS IX, LLC., a Florida Limited Liability
Company, d/b/a CROWN WINE & SPIRITS; LIQUOR
MANAGEMENT, LLC., a Florida Limited
Liability Company, d/b/a CROWN WINE & SPIRITS;
CROWN LIQUORS III, LLC, a Florida Limited
Liability Company, d/b/a CROWN WINE & SPIRITS;
CROWN LIQUORS VII, LLC., a Florida Limited
Liability Company, d/b/a CROWN WINE & SPIRITS;
CROWN LIQUORS II, LLC., a Florida Limited Liability
Company, d/b/a CROWN LIQUORS AND CROWN
WINE & SPIRITS; CROWN LIQUORS I, LLC.,
a Florida Limited Liability Company, d/b/a CROWN
LIQUORS AND CROWN WINE & SPIRITS,

     Defendant(s).

_____/

## **COMPLAINT**

     Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel,

hereby files this Complaint and sues CROWN LIQUORS X, LLC., a Florida Limited Liability

Company, d/b/a CROWN LIQUORS AND CROWN WINE & SIPIRITS; CROWN LIQUORS

IX, LLC., a Florida Limited Liability Company, d/b/a CROWN WINE & SPIRITS; LIQUOR

MANAGEMENT, LLC., a Florida Limited Liability Company, d/b/a CROWN WINE &

SPIRITS; CROWN LIQUORS III, LLC, a Florida Limited Liability Company d/b/a CROWN

WINE & SPIRITS; CROWN LIQUORS VII, LLC., a Florida Limited Liability Company, d/b/a

CROWN WINE & SPIRITS; CROWN LIQUORS II, LLC., a Florida Limited Liability Company,

d/b/a CROWN LIQUORS AND CROWN WINE & SPIRITS; CROWN LIQUORS I, LLC., a

Florida Limited Liability Company, d/b/a CROWN LIQUORS AND CROWN WINE & SPIRITS,

(collectively "Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and

costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et.

seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.       This is a complaint for breach of contract and injunctive relief seeking enforcement

of the Settlement Agreement and General Release (copy attached as Exhibit A) and the Addendum

to Settlement Agreement and Release (copy attached as Exhibit B) reached in the cases of

HOWARD COHAN v. CROWN LIQUORS X, LLC.; CROWN LIQUORS IX, LLC.; LIQUOR

MANAGEMENT, LLC.; CROWN LIQUORS VII, LLC.; CROWN LIQUORS II, LLC.; and

CROWN LIQUORS I, LLC., Case No. 9:17-CV-80905-RLR (S.D. Fla.) (dismissed by order upon

settlement) and Case No.: 9:18-CV-81577-RLR (S.D. Fla) (dismissed by order upon settlement),

which arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by

Plaintiff on Defendants' properties that prevented Plaintiff from the full and equal enjoyment of a

place of public accommodation in violation of Title III of the Americans with Disabilities Act.

2.       This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on

Defendants' violations of Title III of the ADA.  *See also,* 28 U.S.C. §§ 2201, 2202, as well as the

2010 ADA Standards.

3.       Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. §

1391(B) and Internal Operating Procedures for the United States District Court for the Southern

District of Florida in that all events giving rise to the lawsuit occurred in Palm Beach County, Florida.

## PARTIES

4.     Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5.     Upon information and belief, Defendants are the lessees, operators, owners and lessors of the Real Property, which is subject to this suit, located at the following addresses: 532 S.E. 15th Avenue, Boynton Beach, FL 33435; 757 S. Federal Highway, Boca Raton, FL 33432; 306 S. Federal Highway, Deerfield Beach, FL 33441; 3500 N. Federal Highway, Boca Raton, FL 33431; 1320 N. Federal Highway, Pompano Beach, FL 33060; and 1030 N.E. 15th Avenue, Ft. Lauderdale, FL 33304 (collectively "Premises"), and are the owners of the improvements where Premises are located.

6.     Defendants are authorized to conduct, and are in fact conducting, business within the state of Florida.

7.     Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.  The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8.     Plaintiff visited Defendants' Premises on the following dates:

    a.   532 S.E. 15th Ave, Boynton Beach, FL 33435 – September 11, 2018 and October 23, 2018;

    b.   757 S. Federal Hwy, Boca Raton, FL 33432 – September 11, 2018 and October 22, 2018;

    c.   306 S. Federal Hwy, Deerfield Beach, FL 33441 – September 11, 2018, September 20, 2018, and October 22, 2018;

    d.   3500 N. Federal Hwy, Boca Raton, FL 33431 – September 11, 2018 and October 23, 2018;

    e.   1320 N. Federal Hwy, Pompano Beach, FL 33060 – September 11, 2018 and October 22, 2018; and

    f.   1030 N.E. 15th Ave, Ft. Lauderdale, FL 33304 – September 20, 2018 and October 22, 2018.

9.    At the time of Plaintiff's visits to the Premises, Plaintiff required the use of fully accessible restrooms and fully accessible paths of travel throughout the facility. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

10.    Defendants' Premises constitute a public accommodation as defined by Title III of the ADA and, as such, are governed by the ADA.

11.    On or about August 1, 2017, Plaintiff filed a lawsuit against Defendants seeking to force Defendants to comply with the ADA and applicable regulations thereto. *See* HOWARD COHAN v. CROWN LIQUORS X, LLC.; CROWN LIQUORS IX, LLC.; LIQUOR

MANAGEMENT, LLC.; CROWN LIQUORS VII, LLC.; CROWN LIQUORS II, LLC.; and CROWN LIQUORS I, LLC., Case No. 9:17-CV-80905-RLR (S.D. Fla.).

12.     On or about October 10, 2017, the parties entered into a Settlement Agreement and General Release. (Exhibit A).

13.     Thereafter, on October 12, 2017, Plaintiff's suit was dismissed upon notice to the U.S. District Court that the parties had settled.

14.     The Settlement Agreement and General Release required Defendants to complete all modifications to the Premises within one (1) year of the signing of said Agreement, or by October 10, 2018.

15.     Defendants failed to complete the modification(s) to the Premises as required by the ADA and the Settlement Agreement and General Release, and Defendants had failed to give any notice of any reasons or documentation for non-compliance.

16.     As such, on or about November 15, 2018, Plaintiff filed a lawsuit against Defendants seeking to force Defendants to comply with the ADA and applicable regulations thereto and the Settlement Agreement and General Release. *See* HOWARD COHAN v. CROWN LIQUORS X, LLC.; CROWN LIQUORS IX, LLC.; LIQUOR MANAGEMENT, LLC.; CROWN LIQUORS VII, LLC.; CROWN LIQUORS II, LLC.; and CROWN LIQUORS I, LLC., Case No. 9:18-CV-81577-RLR (S.D. Fla.).

17.     On or about January 23, 2019, the parties entered into an Addendum to Settlement and Release Agreement (Exhibit B).

18.     Thereafter, on January 25, 2019, Plaintiff's suit was dismissed upon notice to the U.S. District Court that the parties had settled.

19.     The Addendum to Settlement and Release Agreement required Defendants to complete all modifications to the Premises within eight (8) months of the signing of said Agreement, or by September 28, 2018.

20.     Defendants have failed to complete the required modification(s) to the Premises as required by the ADA and the Addendum to Settlement Agreement, and Defendants have failed to give notice of any reasons or documentation for non-compliance.

21.     Plaintiff again personally visited Defendants' Premises on the following dates (and prior to instituting this action):

    a.   532 S.E. 15th Ave, Boynton Beach, FL 33435 – August 17, 2020;

    b.   757 S. Federal Hwy, Boca Raton, FL 33432 – November 22, 2019 and February 17, 2021;

    c.   306 S. Federal Hwy, Deerfield Beach, FL 33441 – February 17, 2021;

    d.   3500 N. Federal Hwy, Boca Raton, FL 33431 – February 17, 2021;

    e.   1320 N. Federal Hwy, Pompano Beach, FL 33060 – February 3, 2020 and February 18, 2021 and

    f.   1030 N.E. 15th Ave, Ft. Lauderdale, FL 33304 – August 12, 2020 and February 18, 2021.

22.     Plaintiff required the use of fully accessible restrooms; fully accessible paths of travel throughout the facility; and fully accessible and properly marked parking for individuals with disabilities. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though was "bona fide patron".

23.     Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities.

24.     Plaintiff is continuously aware of the violations at Defendants' Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

25.     Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA.

26.     Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendants' discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

27.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied

community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

28.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**</u>

29.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 above as if fully stated herein.

30.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

31.     Congress found, among other things, that:

a.  some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b.  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c.  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

32.  Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

      b.   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

      c.   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

33.     Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendants' Premises are places of public accommodation covered by the ADA by the fact they provide services to the general public and must be in compliance therewith.

34.     Defendants have discriminated and continue to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

35.     Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

36.     Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

37.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the

requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

38.     Based on a preliminary inspection of the Premises, Defendants are in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, inter alia, the following specific violations:

**I.     Premises at 532 S.E. 15th Avenue, Boynton Beach, FL 33435**

Men's Restroom

a.   Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b.   Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

c.   Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

d.   Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

f.  Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

g.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

h.  Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

i.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

j.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

## II.  Premises at 757 S. Federal Highway, Boca Raton, FL 33432

Unisex Restroom

a.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

b.  Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

### III. Premises at 306 S. Federal Highway, Deerfield Beach, FL 33441[1]

Men's Restroom

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

c. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.

f. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

---

[1] Plaintiff was denied access to this restroom on his most recent visit to the premises. The following are the violations that existed on prior visits and are based on the premise that Defendant's failure to provide an accessible restroom for use by the public clearly means that Defendant did not address these barriers.

g. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

h. Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

i. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

j. Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6

k. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

Pathway to Restroom

l. Providing pathways and or aisles that are too narrow in violation of 2010 ADAAG §§ 403, 403.1 and 403.5.1.

m. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

**IV. Premises at 3500 N. Federal Highway, Boca Raton, FL 33431**

Men's Restroom

a. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

    b.   Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

    c.   Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

**V.    Premises at 1320 N. Federal Highway, Pompano Beach, FL 33060**

Restroom Location

    a.   Failure to provide signage directing disabled individuals as to where services are provided on the property for individuals with disabilities pursuant to 2010 ADAAG §§ 216.6.

Restroom

    b.   Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

    c.   Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6

    d.   Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

    e.   Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

    f.   Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

g.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

h.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

i.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

j.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

k.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

l.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

Pathway to Restroom

m.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

**VI.  Premises at 1030 N.E. 15th Avenue, Ft. Lauderdale, FL 33304[2]**

---

[2] Plaintiff was denied access to this restroom on his most recent visit to the premises. The following are the violations that existed on prior visits and are based on the premise that Defendant's failure to provide an accessible restroom for use by the public clearly means that Defendant did not address these barriers.

Men's Restroom

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

c. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e. Failure to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§ 605 and 605.2.

f. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.

g. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

h. Failure to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of 2010 ADAAG §§ 605 and 605.2.

i.   Providing a urinal flush control that exceeds 48 inches in height in violation of 2010 ADAAG §§ 308, 308.2.1, 309.3, 605 and 605.4.

j.   Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

k.   Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

l.   Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

m.  Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6

n.   Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

39.   To the best of Plaintiff's belief and knowledge, Defendants have failed to eliminate the specific violations set forth in paragraph 38 herein.

40.   Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendants aware of same.

41.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

42.     As the owners, lessors, lessees or operators of the Premises, Defendants are required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owners, lessors, lessees or operators have been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

43.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owners, lessors, lessees or operators of the Premises were under an obligation to design and construct such Premises such that they are readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

44.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

45.     All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

46.     In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 33 herein can be applied to the 1991 ADAAG standards.

47.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendants are in violation of the ADA;

2. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

39.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 above as if fully stated herein.

40.     On or about August 1, 2017, Plaintiff filed a lawsuit against Defendants seeking to force Defendants to comply with the ADA and applicable regulations thereto. *See* HOWARD COHAN v. CROWN LIQUORS X, LLC.; CROWN LIQUORS IX, LLC.; LIQUOR MANAGEMENT, LLC.; CROWN LIQUORS VII, LLC.; CROWN LIQUORS II, LLC.; and CROWN LIQUORS I, LLC., Case No. 9:17-CV-80905-RLR (S.D. Fla.).

41.     On or about October 10, 2017, the parties entered into a Settlement Agreement and General Release [Exhibit A].

42.     Thereafter, on October 12, 2017, Plaintiff's suit was dismissed upon notice to the U.S. District Court that the parties had settled.

43.     The Settlement Agreement and General Release required Defendants to complete all modifications to the Premises within one (1) year of the signing of said Agreement, or by October 10, 2018.

44.     Defendants failed to complete the modification(s) to the Premises as required by the ADA and the Settlement Agreement and General Release, and Defendants had failed to give any notice of any reasons or documentation for non-compliance.

45.     As such, on or about November 15, 2018, Plaintiff filed a lawsuit against Defendants seeking to force Defendants to comply with the ADA and applicable regulations thereto and the Settlement Agreement and General Release. *See* HOWARD COHAN v. CROWN LIQUORS X, LLC.; CROWN LIQUORS IX, LLC.; LIQUOR MANAGEMENT, LLC.; CROWN LIQUORS VII, LLC.; CROWN LIQUORS II, LLC.; and CROWN LIQUORS I, LLC., Case No. 9:18-CV-81577-RLR (S.D. Fla.).

46.     On or about January 23, 2019, Plaintiff and Defendants entered into an Addendum to Settlement Agreement [Exhibit B]. Through this addendum to settlement agreement, Defendants agreed to make modifications to Defendants' Premises as outlined in the agreement. The Addendum to Settlement Agreement and Release required Defendants to complete all modifications to the Premises within eight (8) months of the execution of the agreement, or by September 28, 2019.

47.     Plaintiff has performed all conditions precedent to be performed by him under the Agreement.

48.     Since September 28, 2019, Defendants have failed to complete the modifications promised in the addendum to settlement agreement. Specifically, Defendants have failed to address the following violations:

**I.      Premises at 532 S.E. 15th Avenue, Boynton Beach, FL 33435**

Men's Restroom

a.   Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

b.   Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

c.   Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

**II.     Premises at 757 S. Federal Highway, Boca Raton, FL 33432**

a.   Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**b.**   Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

III.     **Premises at 306 S. Federal Highway, Deerfield Beach, FL 33441[3]**

Men's Restroom

    a.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    b.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

    c.  Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

    d.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    e.  Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.

    f.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

    g.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

---

[3] See Footnote 1

h.   Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

i.   Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

j.   Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6

Pathway to Restroom

k.   Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

l.   Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

m.   Providing pathways and or aisles that are too narrow in violation of 2010 ADAAG §§ 403, 403.1 and 403.5.1.

**IV.   Premises at 3500 N. Federal Highway, Boca Raton, FL 33431**

Men's Restroom

a.   Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

b.   Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

## V.      Premises at 1320 N. Federal Highway, Pompano Beach, FL 33060 [4]

Restroom Location

a.   Failure to provide signage directing disabled individuals as to where services are provided on the property for individuals with disabilities pursuant to 2010 ADAAG §§ 216.6.

Restroom

b.   Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

c.   Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

d.   Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e.   Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

f.   Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

---

[4] Plaintiff was denied access to this restroom on his most recent visit to the premises. The following are the violations that existed on prior visits and are based on the premise that Defendant's failure to provide an accessible restroom for use by the public clearly means that Defendant did not address these barriers.

g.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

h.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

i.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

j.  Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

k.  Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

**VI.    Premises at 1030 N.E. 15th Avenue, Ft. Lauderdale, FL 33304[5]**

Restroom

a.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

_____

[5] See Footnote 2

c. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e. Failure to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§ 605 and 605.2.

f. Failure to provide grab bar(s) in violation of 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3.

g. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

h. Failure to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of 2010 ADAAG §§ 605 and 605.2.

i. Providing a urinal flush control that exceeds 48 inches in height in violation of 2010 ADAAG §§ 308, 308.2.1, 309.3, 605 and 605.4.

j. Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

k. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

l.  Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

m.  Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6

n.  Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

49.  Plaintiff has been damaged by the Defendants' breach of the addendum to settlement agreement. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1.  That this Court declares that Defendants have failed to comply with the Addendum to Settlement Agreement and Release;

2.  That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3.  That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Addendum to Settlement Agreement and Release; and,

4.  That this Court award such other and further relief as it may deem necessary, just and proper.

Dated June 18, 2021.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com